UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>v.<br><br>KAMLESH PATEL,<br><br>              Defendant. | CRIMINAL NO. 17cr10264<br><br>31 U.S.C. § 5324   –   Evading Financial Transactions Reporting Requirements<br><br>15 U.S.C. §§ 376, 377   –   Violating the PACT Act<br><br>18 U.S.C. § 981(a)(1)(C)<br>& 28 U.S.C. § 2461(c)   –   Forfeiture Allegations |

## INFORMATION

The U.S. Attorney charges:

### Introduction

At all times material to this Information:

1. Defendant KAMLESH PATEL ("PATEL") owned and operated RDK Distributors ("RDK") and MV Distributors ("MV") in Stroudsburg, Pennsylvania. Through RDK and MV, PATEL distributed wholesale quantities of cigars, smoking tobacco and smokeless tobacco (such as snuff and chewing tobacco), among other products.

2. Raza Ali ("Ali") and others operated a wholesale business located in Norwood, Massachusetts called Pick N Dip that sold tobacco products, including cigars, smoking tobacco and smokeless tobacco, as well as other non-tobacco items, to convenience stores, gas stations and other retail businesses.

1

3.      Beginning in or about January 2013, Ali and others also operated SMM Wholesale, incorporated in Pennsylvania. They used SMM Wholesale, in pertinent part, to pay for tobacco products purchased in Pennsylvania to supply Pick N Dip in Massachusetts.

4.      The PACT Act, Title 15, United States Code, Section 375 et seq., requires people, such as Ali, who sell, advertise for sale, transfer or ship for profit smokeless tobacco between states to file a statement with the Attorney General and the tobacco tax administrator in those states into which they make shipments, containing information about themselves. The PACT Act also requires them to file with the tax administrator a monthly record of each shipment of smokeless tobacco they have made into the state.

5.      Wholesalers of smokeless tobacco in Massachusetts must file an excise tax form monthly and must pay an excise tax on smokeless tobacco brought into and sold in Massachusetts. Cigar and smoking tobacco wholesalers must file an excise tax form quarterly and must pay an excise tax on cigars and smoking tobacco brought into and sold in Massachusetts.

6.      At all times relevant to this case, there was no such tax on cigars, loose tobacco and smokeless tobacco in Pennsylvania.

7.      Beginning in or about, January 2013, PATEL sold large quantities of tobacco products to Ali and others for wholesale distribution in Massachusetts, often more than $100,000 worth at a time. On these occasions, PATEL and his employees discussed orders over the telephone with Ali or persons working for and with Ali in Massachusetts, and Ali sent a van to transfer tobacco products from PATEL's business in Stroudsburg, Pennsylvania, to Pick N Dip in Norwood, Massachusetts.

8. To encourage Ali to purchase tobacco products from him, PATEL and his employees recorded RDK's and MV Distributors' sales to Ali as sales to SMM Wholesale in Pennsylvania, even though PATEL knew that Ali intended to transport all or a significant portion of the tobacco products to Massachusetts without reporting the sales to the Department of Revenue in Massachusetts and without paying the Massachusetts excise tax on the products. Patel's actions enabled Ali to evade tens of millions of dollars in tobacco excise taxes he was obligated to pay the Commonwealth.

9. Businesses, such as PATEL's, that receive cash payments of more than $10,000 must report them to the IRS on IRS/FinCEN Form 8300.

10. Ali typically paid PATEL for tobacco products in cash. To evade financial reporting requirements that would have notified the Internal Revenue Service of the size, nature and income of Ali's business, PATEL falsely divided among multiple invoices the bulk cash payments he received from Ali. PATEL created and instructed his employees to record the large cash payments he received from Ali as if there had been numerous sales over numerous days among numerous companies, each less than $10,000, rather than the single sale for which he had received one or two sizeable cash payments, often amounting to more than $100,000 at a time, from Ali.

## Count 1
### Evading Financial Reporting Requirements
### 31 U.S.C. § 5324

11. The U.S. Attorney re-alleges and incorporates by reference paragraphs 1 through 10 of this Information and further charges that:

12. In or about and between August 31, 2015 and September 5, 2015, in the Middle District of Pennsylvania and elsewhere, the defendant,

KAMLESH PATEL,

did knowingly and for the purpose of evading the reporting requirements of Section 5331 of Title 31, United States Code, and the regulations promulgated thereunder, structure and assist in structuring the cash sale of approximately $153,864.07 in tobacco products to Raza Ali, and did so as part of a pattern of illegal activity involving more than $100,000 in a 12-month period.

All in violation of Title 31, United States Code, Sections 5324(b)(3) and 5324(d)(2); Title 31, Code of Federal Regulations, Section 1010.330; and Title 18, United States Code, Section 2.

## Count 2
### PACT Act Violation
### 15 USC § § 376(a)(2) and 377(a)(1)
### 18 USC § 2

13. The U.S. Attorney re-alleges and incorporates by reference paragraphs 1 through 10 of the Information and further charges that:

14. In or about September, 2015, in the District of Massachusetts and elsewhere, the defendant,

## KAMLESH PATEL,

aided and abetted Raza Ali, knowing that Ali was a person who sold, transferred, and shipped for profit smokeless tobacco in interstate commerce from the Commonwealth of Pennsylvania to the Commonwealth of Massachusetts, whereby such smokeless tobacco was shipped into a state taxing the sale and use of smokeless tobacco, and who advertised and offered smokeless tobacco for such a sale, transfer and shipment, and knowing that Ali intended to fail to file with the tobacco tax administrator of the Commonwealth of Massachusetts, not later than the 10th day of the calendar month, a memorandum and copy of the invoice covering each and every shipment of smokeless tobacco made during the previous calendar month into the Commonwealth of Massachusetts in accordance with the terms of Title 15, United States Code, Section 376(a)(2).

All in violation of Title 15, United States Code, Sections 376(a)(2), 377(a)(1) and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATION
### (31 U.S.C. § 5317(c)(1))

The United States Attorney further charges that:

15. Upon conviction of the offense in violation of Title 31, United States Code, Sections 5324(b)(3) and 5324(d), set forth in Count One of this Information, the defendant,

KAMLESH PATEL,

shall forfeit to the United States, pursuant to Title 31, United States Code, Section 5317(c)(1), any property real or personal, involved in the offense, and any property traceable thereto. The property to be forfeited is the following asset:

   a. $153,864.07 in United States currency, to be entered in the form of a forfeiture money judgment and represents the proceeds traceable to the Defendant's offense.

16. If any of the property described in Paragraph 15, above, as being forfeitable pursuant to Title 31, United States Code, 5317(c)(1), as a result of any act or omission of the defendant –

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 31, United States Code, Section 5317 (c)(1)(B), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of all other property of the defendant described in Paragraph 15 up to $153,864.07.

All pursuant to Title 31, United States Code, Section 5317(c).

WILLIAM D. WEINREB
U.S. ATTORNEY

By: /s/ Stephen P. Heymann

STEPHEN P. HEYMANN
ASSISTANT U.S. ATTORNEY

Date: August 30, 2017